Filed 11/5/25  P. v. Smith CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D085118 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF007627) |
| IVORY SMITH, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Imperial County, Christopher J. Plourd, Judge.  Affirmed.

Matthew Aaron Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

Ivory Smith appeals his conviction of two counts of felony battery upon a non-confined person by a prisoner (Pen. Code,[1] § 4501.5) and one count of simple assault (§ 240).  His counsel has filed a brief seeking our independent

---

[1]    Statutory references are to the Penal Code unless otherwise specified.

review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 to determine whether there are any arguable issues for review. We sent Smith notice that his attorney had filed a *Wende* brief and provided him with the opportunity to file a supplemental brief. He has not responded. After our independent review of the record, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On May 21, 2023, correctional officers Christian Espinoza and Ubaldo Herrera conducted an afternoon standing count[2] at Centinela State Prison. Officer Espinoza noticed Cell 236—Smith's cell—had a cardboard window covering partially obstructing the view into the cell. Because inmates are not permitted to cover their cell windows, Officer Espinoza gave Smith a direct order to remove the window covering. Smith nodded in agreement, and Officer Espinoza continued with his count. Sergeant Joshua Irving, who was following behind the other officers, noticed Smith had not removed the covering, so he gave him two verbal commands to do so. Smith did not comply.

After completing the count, the officers met with Sergeant Irving outside Cell 236. Sergeant Irving handcuffed Smith based on his suspicion that Smith had contraband in his cell. He later testified that Smith's behavior and the obstructed view led to this suspicion. Sergeant Irving then turned Smith over to Officer Espinoza and instructed him to escort Smith to

---

[2] During a standing count, inmates must stand up within their cell so that correctional offers can see them through the window in the cell door. The purpose of a standing count is to assess "accountability of the inmate, welfare of the inmate, [and] safety and security of the inmate."

the shower area for an unclothed body search for contraband. Officer Herrera was directed to begin a search of the cell.

Officer Espinoza walked Smith approximately 30 feet to the shower and placed Smith in the stall behind a partial metal door meant to block a portion of the inmate's lower body for privacy. He then removed Smith's handcuffs. Smith turned around and pushed the metal door with both hands, striking Officer Espinoza in the abdomen with the door. Officer Espinoza took a step back to keep from falling, at which point Smith took off running. As the officer chased Smith back towards his cell, Smith fisted his hands. Smith did not comply with Officer Espinoza's order to stop.

Sergeant Irving saw Smith running toward him, called for backup, and braced for an altercation. But when Smith reached his cell, he kicked a trash can out of the way and ran into the cell, ignoring the sergeant's order to get down. Officer Herrera, who had knelt down to begin his search of the cell, turned to see Smith at the door with his fists clenched yelling "you don't know who I am, motherfuckers." He stood up and ordered Smith to get down. Smith disregarded the order, ran at Officer Herrera, and punched him in the chest. The two wrestled briefly before Smith grabbed the officer around the neck in a headlock.

After a couple of moments, Officer Herrera was able to escape Smith's grip. The two continued to struggle and fell onto the lower bunk. Officer Herrera told Smith to stop resisting, and he complied. Officers placed him in handcuffs.

Officer Herrera sought medical attention for pain in his neck, shoulder, knee and back. Smith refused medical evaluation. No contraband was found on Smith or in his cell.

The District Attorney for Imperial County charged Smith with felony battery upon a non-confined person by a prisoner for striking Officer Espinoza with the metal door and for punching and choking Officer Herrera. (§ 4501.5, counts 1 & 2.)  Count 3 alleged felony assault by a life prisoner based on the chokehold.  (§ 4500.)  The first amended information also alleged Smith had suffered a prior serious or violent felony conviction.

A jury returned verdicts of guilty on counts 1 and 2 (§ 4501.5) and not guilty on count 3 (§ 4500) but found Smith guilty on count 3 of the lesser-included offense of simple assault (§ 240).  In a bifurcated proceeding, the court found true the prior strike allegation.

Prior to sentencing, defense counsel filed a request to strike the prior strike conviction for purposes of sentencing under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.  On October 21, 2024, the court denied the *Romero* motion and sentenced Smith to the middle-term of three years on count 1, doubled for the prior strike, plus a consecutive one-year term on count 2, also doubled for the prior strike, for an aggregate 8 years in state prison.  The court stayed a 6-month sentence on count 3.  It also imposed a $300 restitution fine (§ 1202.4, subd. (b)) and a $300 parole revocation restitution fine (§ 1202.45).

## DISCUSSION

As previously noted, appellate counsel filed a *Wende* brief and asks the court to independently review the record for error.  To assist the court in its review of the record, and in compliance with *Anders*, counsel has identified the following possible issue that was considered in evaluating the potential merits of this appeal:  "Did the trial court abuse its discretion when denying relief under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497?  (*People v. Williams* (1998) 17 Cal.4th 148.)"

4

We have reviewed the record for error as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal. Competent counsel represented Smith on this appeal.

DISPOSITION

The judgment is affirmed.


DO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


CASTILLO, J.